## NOUNES et al. v. UNITED STATES et al.

### No. 1862.

United States District Court
S. D. Texas, Galveston Division.

Jan. 26, 1949.

12

Chilton Bryan and S. G. Kolius, both of Houston, Tex., for libellants.

Brian S. Odem, U. S. Atty., and Newton M. Crain, Jr., and W. G. Winters, Jr., Asst. U. S. Attys., both of Houston, Tex., for respondents.

KENNERLY, Chief Judge.

This libel in personam under Section 742 et seq., of Title 46 U.S.C.A., was originally filed by J. L. Nounes, as the owner, and the Gray's Iron Works, Inc., as the operator, of Barge HMS #7, both citizens and residents of this District and Division, against the United States of America, the War Shipping Administration, and the Coastwise (Pacific Far East) Lines, as owners and operators of the Steamship James W. Johnson. They seek to recover damages for an injury sustained by the Barge HMS #7 when struck by the propeller of The James W. Johnson on or about May 31, 1945, in the Galveston Harbor in this District and Division. The War Shipping Administration has been heretofore dismissed from the case. The United States, by cross action, seeks to recover damages from libellants for injury to such steamship.

Jurisdiction is under Title 46 U.S.C.A., § 742 et seq. In the answer of the United States, it is admitted that the United States owned, operated, and controlled the SS James W. Johnson. The evidence shows that it was employed as a merchant vessel.

The SS James W. Johnson was on or about May 31, 1945, tied up at Pier 39, Galveston Harbor, and under a contract with the United States, dated May 23, 1945, the Gray's Iron Works, Inc., of Galveston, was engaged in making repairs to such steamship. This included the painting of the hull of such steamship. In painting the hull, it was necessary for the Iron Works to use a barge upon which the Iron Works' painters and other employees stood, and/or erected their ladders and scaffolds. The Barge HMS #7, owned by libellant Nounes and rented by him to the Iron Works, was used for that purpose.

It has been clearly shown that while so being used, the Barge HMS #7 was struck by the propeller of the steamship on or about May 31, 1945. Both were at the time in navigable waters of the United States. It has been stipulated that the injury to the barge amounts to the sum of $2117.87, and that the damage to the steamship amounts to the sum of $97.40.

At the time such barge was struck by the propeller of the steamship, such barge was being used in the manner stated, and was between the steamship and the dock. Whereupon suddenly and without notice or warning to those handling the barge or doing the painting, etc., the propeller of the steamship was started and struck The HMS #7, doing the injury stated.

It is perfectly plain that the master and other officers and crew of the steamship knew that the repairs and painting of the steamship were being carried on. They either knew that the barge was located between the steamship and the dock, or by the use of reasonable diligence could have known it was so located, and that it would be struck by the propeller if the propeller be started. The steamship, its master, officers, and crew were negligent in several respects, but chiefly in starting the propeller when they did, failing to give notice or warning of their intention to start the propeller, failing to use the proper care in seeing to it that all was clear when they started the propeller, etc., which negligence was the proximate cause of such injury to the barge.

The evidence shows:

1. That J. L. Nounes is entitled to recover from the United States the sum of $2117.87, but that Gray's Iron Works, Inc. is not entitled to recover.

2. That neither one of libellants is entitled to recover against the Coastwise (Pacific Far East) Lines.

3. That the United States is not entitled to recover against the libellants on its cross action.

Let proper decree be drawn and presented.